1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON
8

9    JANINE M. SNOW,                    )
                                        )    No. CV-09-0089-JPH
10              Plaintiff,              )
                                        )
11   v.                                 )    ORDER GRANTING DEFENDANT'S
                                        )    MOTION FOR SUMMARY
12   MICHAEL J. ASTRUE,                 )    JUDGMENT AND DENYING
     Commissioner of Social Security,   )    PLAINTIFF'S MOTION FOR
13                                      )    SUMMARY JUDGMENT
                Defendant.             )
14                                      )
                                        )
15   _____)

16          BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.)  Attorney

17   Rebecca M. Coufal represents plaintiff; Special Assistant United States Attorney Stephanie R. Martz

18   represents defendant.   The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7.)

19   After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's

20   Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

21                                **JURISDICTION**

22          Plaintiff Janine M. Snow (plaintiff) protectively filed for supplemental security income (SSI) on

23   August 25, 2003.  (Tr. 79, 82.)  Plaintiff alleged an onset date of September 4, 2001. (Tr. 79.)  Benefits

24   were denied initially and on reconsideration.   (Tr. 31, 37.)   Plaintiff requested a hearing before an

25   administrative law judge (ALJ), which was held before ALJ Mary B. Reed on November 8, 2005.   (Tr.

26   457-526.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 459-518.)  Vocational

27   expert Tom Moreland also testified.  (Tr. 518-24.)   A second hearing was held before the same ALJ on

28   January 4, 2007.  (Tr. 529-59.)  Plaintiff was represented by counsel and again testified.  (Tr. 542-47.)

Medical expert Henry K. Hamilton, M.D., vocational expert Tom Moreland, Plaintiff's mother, Clara Christilaw, and plaintiff's step-father, Paul Christilaw, also testified. (Tr. 530-41, 548-58.) The ALJ denied benefits (Tr. 19-28) and the Appeals Council denied review. (Tr. 7.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 35 years old at the time of the first hearing. (Tr. 465.) She obtained a GED and a one year college certificate in business occupations. (Tr. 466.) Plaintiff last worked from October 2004 to June 2005 as a telephone customer service representative. (Tr. 468.) She stopped working due to pain in her back and asthma. (Tr. 468-69.) Plaintiff testified that she is in constant pain in her neck, shoulders and lower back due to a bulging disc and thoracic outlet syndrome. (Tr. 478.) She experiences numbness in her arms and says she cannot do dishes, lift her arms above her head, or carry groceries upstairs and sometimes loses grip when she is dusting. (Tr. 479, 544.) She also alleges severe headaches once or twice a week or month and says she cannot function when she has them. (Tr. 482-83, 542.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9ᵗʰ Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9ᵗʰ Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9ᵗʰ Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9ᵗʰ Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9ᵗʰ Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9ᵗʰ Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of

impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has engaged in substantial gainful activity since August 2003, the protective filing date. (Tr. 21.)  At step two, she found Plaintiff has the following severe impairments: obesity, post two cervical fusions, degenerative disc disease of the lumbar spine, asthma, allergies, and thoracic outlet syndrome. (Tr. 21.)  At step three, the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work, which involves occasional lifting less than 20 pounds, frequent lifting or carrying of 10 pounds, sitting for 6 hours out of 8 hours but needing to stand for 10 minutes after each hour of sitting; standing for an hour at a time for a total of 2 hours out of 8 hours with a need to sit for 10 minutes after an hour of standing; and walking for an hour at a time for a total of 1 hour of walking in an 8 hour day. The claimant can frequently use her upper extremities for reaching, handling, fingering and feeling; but can no more than occasional push/pull with the upper extremities. The claimant can occasionally climb and stoop but should avoid work that requires her to crouch, crawl, kneel, and balance. She can occasionally reach overhead with her right upper extremity. She can frequently push/pull with her lower extremities. She should avoid exposure to dust, fumes, odors, and airborne particles (i.e., needs to work in a clean air environment).

(Tr. 23.) At step four, the ALJ found plaintiff has no past relevant work. (Tr. 27.) After taking into account plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. (Tr. 27.) Thus, the ALJ concluded plaintiff has not been under a disability, as defined in the Social Security Act, since August 25, 2003, the date the application was filed. (Tr. 28.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by improperly: (1) dismissing plaintiff's pain complaints; (2) rejecting the opinion of a treating physician; (2) concluding plaintiff's migraine headaches are not a severe impairment; and (4) rejecting lay testimony. (Tr. 453, Ct. Rec. 13-2 at 7-14.) Defendant argues the ALJ; (1) adequately justified the credibility finding; (2) properly rejected a treating physician opinion; (3) properly found plaintiff's headaches are non-severe; and (4) gave appropriate weight to lay testimony. (Ct. Rec. 16 at 4-14.)

## DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ erred by dismissing plaintiff's pain complaints without considering

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

the basis in the record for those complaints.[1]  (Tr. 453.)  In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)  If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints.  *Id.* at 346.  The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).   The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas*, 278 F.3d at 958.

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.  *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999).  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

---

[1]Plaintiff's Memorandum of Authorities in support of Motion for Summary Judgment incorporates by reference a letter brief to the Appeals Council which contains her credibility argument. (Ct. Rec. 13-2 at 7, Tr. 452-54.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

2001)(citation omitted).

In this case, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. (Tr. 24.) Plaintiff asserts the ALJ dismissed plaintiff's pain complaints "out of hand" and did not consider the basis in the record for the pain complaints. (Tr. 453.) To the contrary, the ALJ devoted over a page of the opinion to discussion of the record pertaining to plaintiff's pain complaints and cited a number of reasons for the negative credibility finding. (Tr. 24-25, 453.)

First, the ALJ pointed out inconsistencies between plaintiff's statements and the objective medical evidence which undermine plaintiff's credibility. (Tr. 24.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. S.S.R. 96-7p. The ALJ observed that although plaintiff alleges her back, neck and shoulder pain significantly limits her ability to move, the medical evidence does not support this allegation. (Tr. 24-25.) Treatment notes from her primary care provider indicate plaintiff has a full range of motion in her shoulders and arms and on one occasion was observed waving her arms around normally with full range of motion. (Tr. 311, 313, 316, 319.) Medical records noted that plaintiff had no numbness, her sensations were intact, her gait and grip were normal, her back x-rays were normal, there were no musculoskeletal symptoms or neurological complaints, and her shoulder problems were minimal. (Tr. 245-47, 285-88, 312, 326, 328, 392-93.) Plaintiff saw Dr. Cruz for sinus problems, and he noted plaintiff's neck was unremarkable on palpation, examination and observation. (Tr. 392, 397.) Dr. Lim, plaintiff's neurosurgeon, indicated plaintiff's pain complaints were not specific in terms of localization. (Tr. 375.) He also found that her gait, motor strength, and range of motion in her neck and back were normal, and she had no sensory deficits in her upper or lower extremities. (Tr. 374-75.) Dr. Momany, a pain specialist, noted plaintiff gave a vague description of her pain and that she indicated a broad area of pain on a diagram,

but did not include her hands or arms. (Tr. 381.) He also noted no problems with range of motion in her neck, she had adequate upper extremity strength, and her deep tendon reflexes were symmetrical. (Tr. 382.) As the ALJ pointed out, plaintiff's complaints of pain are subjective, but complaints of numbness and weakness in her hands can be measured by objective testing. (Tr. 25.) The ALJ found that the absence of objective evidence corroborating her claimed limitations undermines her credibility and her pain testimony. (Tr. 25.) This is a reasonable interpretation of the evidence and a is a legitimate consideration in the credibility analysis.

A second reason mentioned by the ALJ for rejecting plaintiff's credibility is that her treating medical source did not rule out the performance of all work activity. (Tr. 25.) Despite her symptoms, a treating physician assistant, Donna Baker, concluded plaintiff could lift ten pounds and should be able to go back to work in June 2004. (Tr. 311 ) Furthermore, in November 2004, Ms. Baker recommended plaintiff should work 40 hours per week. (Tr. 316.) The ALJ pointed out that in making the recommendation, plaintiff's subjective pain complaints would have been considered by the medical provider. (Tr. 25.) The ALJ concluded that plaintiff's credibility was undermined by the opinion of her treating provider, who recommended a return to work despite plaintiff's complaints of disabling pain. (Tr. 25.) This is a reasonable interpretation of the evidence, and provides further support for the ALJ's credibility determination.

The third reason cited by the ALJ in rejecting plaintiff's credibility is that despite her claims that she cannot sit for very long before needing to stand up or lay down, plaintiff took a three day bus ride to Texas in the summer of 2004. (Tr. 24-25, 511.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. A three day bus trip from Washington to Texas requires significant periods of sitting, and the ALJ's determination that such a trip is inconsistent with her alleged limitations is reasonable and supports the credibility finding.

The ALJ relied on a several factors in making the credibility determination. The ALJ cited objective evidence conflicting with plaintiff's pain complaints, the recommendation of a treating

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

provider that plaintiff return to work, and a significant activity inconsistent with plaintiff's pain as the basis for the credibility finding.   Plaintiff did not specifically challenge any of the credibility factors considered by the ALJ and the assertion that the ALJ dismissed plaintiff's pain complaint's "out of hand" is inaccurate.  The ALJ discussed the pain evidence with specificity and made reasonable conclusions supported by the evidence.  As a result, the ALJ's credibility determination is supported by clear and convincing evidence and the ALJ did not err.

**2.    Dr. Markin**

Plaintiff argues the ALJ erred by discounting the opinion of Dr. Markin, plaintiff's treating physician. (Ct. Rec. 13-2 at 9-10.)  Dr. Markin, a treating physician, completed a DSHS Physical Evaluation form in October 2005.[2]  (Tr. 366-67.)  He listed her presenting problems as neck, shoulder and low back pain and diagnosed cervical disc D2 and SI (sacroiliac) joint dysfunction.  (Tr. 366.) Dr. Markin opined that both diagnoses cause a severe impairment resulting in the inability to perform one or more work-related activities.  (Tr. 366.)  He also assessed her residual ability to perform at least half-time in a normal day to work setting as severely limited, defined as "[u]nable to lift at least 2 pounds or unable to stand and/or walk."  (Tr. 367.)   The ALJ assigned little weight to Dr. Markin's opinion.  (Tr. 26.)

In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews*

---

[2]Dr. Markin signed the DSHS Physical Evaluation form but did not fill in the "DATE" box next to his signature.  October 28, 2005 office notes reference "L&I PAPERWORK" and "Patient is refilling of [sic] her L&I disability."  (Tr. 371.)  Details of the office visit notes match details listed in the evaluation form, and a note in the evaluation form suggests that an 11-7-05 neurosurgery evaluation is upcoming. (Tr. 367, 371.)  Presumably, the "L&I" form referenced in the office notes was actually the DSHS evaluation form.

*v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). However, the opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1043; *Lester*, 81 F.3d at 830-31. Cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Dr. Markin, a treating physician, opined that plaintiff is severely limited by her cervical degenerative disc disease and joint dysfunction. (Tr. 366-67.) The state consulting physician and Dr. Hamilton, the medical expert, both opined that plaintiff was less limited that Dr. Markin indicated. (Tr. 255-62, 431-42.) Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence in rejecting Dr. Markin's opinion.

The ALJ provided several reasons for rejecting Dr. Markin's opinion. First, the ALJ accorded

little weight to the opinion because it is a checkbox form predicated on self-report in a secondary gain context. (Tr. 26.) As noted by the ALJ, opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). The ALJ pointed out that the conclusions on the evaluation form appear to be based on office visit notes dated October 28, 2005. (Tr. 26, 371.) The exam which is the basis for the evaluation revealed plaintiff had decreased range of motion in her neck, but full range of motion in her shoulders, and her back was not evaluated. (Tr. 371.) The ALJ found the evaluation was not particularly thorough and as such, does not adequately support an opinion of total disability. This is a specific, legitimate reason for rejecting Dr. Markin's opinion.

Secondly, the ALJ indicated Dr. Markin's conclusions appear to be based on plaintiff's subjective reports, which were determined to be not credible. (Tr. 26.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. The ALJ pointed to Dr. Markin's own qualifying comments in his opinion that plaintiff could sit for no more than 15 minutes and stand for no more than ten to 15 minutes. (Tr. 26, 443.) In a letter to plaintiff's attorney dated October 27, 2006, Dr. Markin opined, "This is a challenging situation. This lady suffers from bilateral thoracic outlet syndrome, chronic neck and shoulder pain which admittedly is subjective, although she does have documented cervical disc disease." (Tr. 443.) Dr. Lim indicated that plaintiff's report of distribution of symptoms was not specific, and that her cervical and lumbar range of motion were normal and her sensation, strength and reflexes were intact. (Tr. 373-75.) Additionally, she had normal neurological exams in April 2004, December 2005, February 2006, May 2006, and December 2006. (Tr. 291, 407, 412, 415, 450.) As a result, the ALJ concluded Dr. Markin based his opinion primarily on plaintiff's subjective complaints, which the ALJ found to be not credible. (Tr. 26.) This is a specific, legitimate reason for rejecting Dr. Markin's opinion, and the ALJ's reasoning is based on a reasonable interpretation of the evidence.

A third reason noted by the ALJ in rejecting Dr. Markin's opinion is an inconsistency between his office notes and his conclusion that plaintiff was declining. (Tr. 26.) A physician's opinion may

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

be rejected if it is unsupported by the physician's treatment notes.  *See Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir. 2003).  In a referral letter dated August 30, 2005, Dr. Markin indicated that plaintiff "has functioned pretty well up until about 6-8 weeks ago when her pain progressed and her functional abilities deteriorated." (Tr. 327.)  The ALJ pointed out that Dr. Markin's office visit notes do not reveal changes in objective findings despite plaintiff's reported fall on some steps in June 2005.[3] (Tr. 26.)  Indeed, an MRI of the lumbar spine in July 2005 was normal, unchanged from previous spinal imaging in April 2004 and October 2001.  (Tr. 328-32.)  Office visit notes from Donna Beardslee, PA-C dated July 12, 2005 note right lower back pain going down the right leg due to the fall, but Ms. Beardslee opined "it should heal up okay." (Tr. 325.)  On July 16, 2005 PA-C Tom Vincent saw plaintiff for a urinary tract infection and noted plaintiff "has some vague low back complaints." (Tr. 325.)  Dr. Markin recorded plaintiff's report of "fairly severe" right low back pain on August 13, 2005 but noted no radicular symptoms, no persistent numbness or loss of bowel function, and that sensation was intact to light touch in all lumbar nerve roots.  (Tr. 326.)  Additionally, the ALJ noted that Dr. Lim's notes from a follow up visits in November 2005 and January 2006 do not mention of lower back pain.  (Tr. 26, 372, 409.)

Finally, the ALJ determined that Dr. Markin's opinion that plaintiff is severely limited is not supported by other substantial evidence in the record.  In addition to the foregoing, the ALJ pointed out that Dr. Markin's own physician assistant indicated plaintiff could do sedentary work[4]. (Tr. 26,

---

[3]The ALJ mistakenly refers to plaintiff falling down stairs in August 2005.  (Tr. 26.)  An office note dated July 12, 2005 references a June 22 fall, and an office note dated August 13, 2005 mentions the appointment is 6 weeks following a fall down some stairs.  (Tr. 325-26.)  This error by the ALJ does not affect the ultimate nondisability outcome and is therefore harmless.  *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

[4]A physician assistants is an "other source" whose opinion is entitled to less weight than that of a treating or examining physician.  "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).  Non-medical testimony can never establish a diagnosis or disability absent corroborating

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

311.)  Dr. Hamilton, the medical expert, whose discussion of the evidence was persuasive to the ALJ, and the state consulting physician, disagreed with the severity of Dr. Markin's assessment.  (Tr. 255-62, 431-42, 530-41.)  Additional evidence includes the notes and findings of Dr. Lim, Dr. Momany, and Dr. Cruz and other objective discussed, *supra*.  The ALJ reasonably concluded that the bulk of the medical evidence does not support Dr. Markin's finding of total disability and properly considered this as a specific, legitimate reason for rejecting the opinion.

Plaintiff did not explain why any of the reasons set forth by the ALJ in rejecting Dr. Markin's opinion were erroneous.  The ALJ's reasoning is supported by the evidence and the reasons cited for assigning little weight to Dr. Markin's opinion constitute specific, legitimate reasons supported by substantial evidence in the record.

The only specific argument made by plaintiff is that the ALJ improperly suggested Dr. Markin was motivated to find plaintiff disabled without any medical evidence.  (Ct. Rec. 13-2 at 10, Tr. 454.) The ALJ did comment on possible motivations which might have caused Dr. Markin to overstate plaintiff's limitations.  (Tr. 26.)  It is not clear whether the ALJ was asserting this as a reason for rejecting the opinion, but the comments are speculative and without basis in the record.  If the ALJ intended to justify the rejection of Dr. Markin's opinion on the basis of such speculation, the ALJ erred.  However, the error, if any, is harmless because ALJ cited other specific, legitimate reasons supported by the substantial evidence justifying rejection of Dr. Markin's opinion.  *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97

competent medical evidence.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The opinion of an acceptable medical source is given more weight than that of an "other source."  20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).  However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Thus, the ALJ properly considered the opinions of Ms. Baker, Ms. Beardslee, and Mr. Vincent as to the effect of her symptoms on her ability to work.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

(9th Cir. 2004).

**3.      Step Two and Headaches**

Plaintiff argues the ALJ improperly concluded that headaches are not a severe impairment. (Ct. Rec. 13-2 at 10-12.)  The ALJ noted references to headaches in the record, but determined they are intermittent and found them to be non-severe.  (Tr. 22.)  At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.  The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations.  *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two.  Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  S.S.R. 85-28.  The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).  "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  S.S.R. 85-28.  Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting."  *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities.  20 C.F.R. § 416.929.  If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

throughout the sequential evaluation process. *Id.* As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairments on ability to do basic work activities." S.S.R. 85-28. Thus, in determining whether a claimant has a severe impairment, the ALJ must evaluate the medical evidence.

In this case, the ALJ evaluated the medical evidence and concluded plaintiff's headaches are intermittent and therefore non-severe. (Tr. 22.) The record mentions "headache" approximately 12 times in the period from February 2001 to November 2006. After three mentions of headaches in 2001, nearly two years passed before plaintiff mentioned a headache in August 2003. (Tr. 124, 133, 137, 252.) Office visit notes on October 13 and 14 2003 mention headaches, then 13 months passed before headaches were mentioned again in November 2004, and 11 months passed before another mention in October 2005. (Tr. 247, 253, 390.) In January and February 2006, the record reflects mention of headaches, and in October 2006 plaintiff made an emergency room visit for a migraine.[5] (Tr. 409, 412, 446.) Another mention of headaches appears in November 2006. (Tr. 448.) The sporadic references to "headache" in the record could reasonably be termed "intermittent," and the ALJ did not err by concluding headaches of an intermittent nature are non-severe. *See* 20 C.F.R. § 921. Furthermore, the ALJ pointed out that when plaintiff was seen specifically for a headache, the emergency visit, the examination was normal. (Tr. 446.)

The only evidence of headaches in the record are plaintiff's own statements which do not suffice to establish a severe impairment under 20 C.F.R. § 416.908. Furthermore, plaintiff's statements regarding the extent and limiting effects of her pain symptoms have been properly rejected by the ALJ.[6] Additionally, there is no medical evidence consisting of signs, symptoms, and

---

[5]It is noted that the emergency room record indicates a history of chronic migraines, although no prior records refer to plaintiff's reported headaches as migraine headaches. (Tr. 446.)

[6]In 2005, plaintiff testified she had headaches once to twice a week and that severe headaches make her unable to function and she ends up in the emergency room. (Tr. 482.) She asserted she has had four such severe between 2001 and the 2005 hearing. (Tr. 482.) However, no emergency room notes appear for headaches before 2006. At the 2007 hearing, plaintiff testified that she had migraines once

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

laboratory findings of headaches.  *See id.*  Thus, the ALJ properly determined plaintiff's headaches are not a severe impairment.  As a non-severe impairment, there is no evidence that plaintiff's headaches would have more than minimal effect on plaintiff's ability to do work-related activities.  *See* 20 C.F.R. § 416.929.

The court also agrees with defendant that even if the ALJ should have included headaches as a severe impairment, any error is harmless.[7]  No limitations due to migraine headaches which have not been properly discredited by the ALJ are found in the record.  Thus, any error would be harmless because the ultimate outcome would be the same regardless of the error.

**4.    Lay Testimony**

Plaintiff argues the ALJ failed to properly consider the lay witness testimony of plaintiff's mother, Clara Christilaw, and plaintiff's step-father, Paul Christilaw.  (Ct. Rec. 13-2 at 12-13.) Clara Christilaw testified that she sees plaintiff twice a week.  (Tr. 548.)  She testified that plaintiff frequently complains about her pain and that she has observed plaintiff having difficulty picking things up with her right arm.  (Tr. 548-49.)  She also testified that plaintiff can only do housework in little spurts because she cannot work for very long without being in pain.  (Tr. 549.)  Paul Christilaw testified that he has taken plaintiff to the emergency room numerous times because of her migraine headaches.  (Tr. 550.)  He remembered taking her to the emergency room one time in 2006 and other years took her two or three times.  (Tr. 551.)  Mr. Christilaw also testified that he has seen plaintiff in pain every time he visits and he has observed times when she could hardly move because of the pain. (Tr. 551.)  The ALJ gave little weight to the testimony of Mr. and Mrs. Christilaw.  (Tr. 26.)

An ALJ must consider the testimony of lay witnesses in determining whether a claimant is disabled.  *Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1053 (9th Cir. 2006).  The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Lay witness

---

or twice a month, sometimes more, and that the problem has gotten worse.  (Tr. 542.)

[7]*See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir, 1996)*; 20 C.F.R. 404.1513(d). However, non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen*, 100 F.3d at 1467. If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

One of the reasons given by the ALJ for discounting the testimony of plaintiff's mother and step-father is that their testimony does not establish that plaintiff is disabled because they are not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms. (Tr. 26-27.) While the ALJ is correct that the testimony of a lay witness does not establish disability, this is not an appropriate reason for discounting the testimony of a lay witnesses altogether. By definition, lay witnesses have no special training or professional skills to qualify as a witness, yet ALJ's are directed to consider their testimony. *See Stout*, 454 F.3d at 1053; *Nguyen*, 100 F.3d at 1467; *Sprague*, 812 F.2d at 1232. The first reason given by the ALJ for rejecting the testimony of Mr. and Mrs. Christilaw is therefore not a germane reason. This error, however, is harmless,[8] because the ALJ cited other germane reasons for rejecting the testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (one germane reason cited by the ALJ found acceptable in rejecting lay witness evidence); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1985).

The second reason mentioned by the ALJ is that, "by virtue of the relationship as claimant's parents, the witness cannot be considered a disinterested third party witness whose testimony would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges." (Tr. 27.) This is a valid and germane reason for discounting lay

---

[8]Errors that do not affect the ultimate result are harmless. *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

testimony.  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Finally, and, according to the ALJ, most importantly, the ALJ also concluded that significant weight could not be given to the lay witness testimony because it is not consistent with the preponderance of the opinions and observations by medical doctors in this case.  An ALJ may discount lay testimony if it conflicts with medical evidence.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  The ALJ pointed out that plaintiff's mother testified plaintiff is "always hurting," but she sees plaintiff only twice a week.  (Tr. 548.)  Mr. Christilaw testified that he has taken plaintiff to the emergency room numerous times for migraine headaches, but the record does not reflect numerous trips to the ER for migraines.  (Tr. 446.)  The examples of inconsistencies between the medical evidence and lay witness testimony cited by the ALJ are germane to the witnesses, and are therefore appropriate reasons for rejecting their testimony.

The ALJ provided two valid, germane reasons for giving little weight to the lay witness testimony.  Plaintiff's suggestion that the ALJ failed to consider the testimony of plaintiff's mother and step-father is without foundation.  (Ct. Rec. 13-2 at 12-13.)  Thus, ALJ's evaluation of the lay testimony is supported by substantial evidence and the ALJ did not err.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant.  Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED February 22, 2010

S/ JAMES P. HUTTON
_____ UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -19